## No. 5469.

### JOHN DONAHOE *v.* THE STATE.

1. MISDEMEANOR THEFT—INTENT—FACT CASE.—Article 45 of the Penal Code provides that "if a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal, he is guilty of no offense." See the statement of the case for evidence which, under this rule, is *held* insufficient to support a conviction for misdemeanor theft.

2. PRACTICE—VENUE.—Unless the transcript on appeal brings up affirmative proof of the venue of the offense as laid in the indictment or information, the conviction will be set aside.

APPEAL from the County Court of McLennan. Tried below before the Hon. W. W. Evans, County Judge.

The conviction was for the theft of wood, valued at seventy-five cents, and the penalty assessed against the appellant was a fine of five dollars and confinement in the county jail for one day.

Mr. Littlefield testified, for the State, that while en route to Waco with a wagon load of wood, on the twenty-second day of July, 1886, and when near Harrison landing, his wagon broke down, and he threw his wood off on the roadside. When he returned two weeks later to get it the wood was gone. Tracks showed that a wagon drawn by a mule and horse had recently left that place. Witness followed the trail and met the defendant driving a wagon drawn by a horse and a mule. Defendant said that he took the wood for A. O. Estelle, thinking that it belonged to E. J. Ashburn, from whom Estelle was buying wood, and that he had sold it to Sam Smith. Witness went on to Sam Smith's and identified his wood. Smith admitted the purchase of the wood, but could not identify the defendant as the vendor. On the same day Estelle told witness that he sent defendant to get some wood, and he learned that defendant took witness's wood, thinking it belonged to Ashburn, who was selling to him, Estelle, and told witness that if witness would call on him on the morrow he would pay witness. Witness agreed, but when he called next morning he told Estelle that the constable had in-

formed him that he could not settle the matter by accepting payment, and that he had been required to file complaint against defendant for stealing the wood.

Mr. Estelle testified, for the defense, substantially as did the witness Littlefield as to what passed between himself and Littlefield, and, further, that he purchased wood from Mr. Ashburn to sell, and received it either in the woods and at or near Harrison's landing, wherever he could find it. He sent defendant to get a load on July 22, 1886, and defendant got Mr. Littlefield's load by mistake. Ashburn had wood on both sides of the road at that point. Defendant sold the wood for one dollar and twenty-five cents, and accounted to witness for the money.

*Harrison & Monroe*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

White, Presiding Judge. This appeal is from a conviction for theft of a half cord of wood, valued at seventy-five cents.

It is a wise as well as humane provision of law that "if a person laboring under a mistake as to a particular fact shall do an act which otherwise would be criminal, he is guilty of no offense." (Penal. Code, art. 45.) We are of opinion that the evidence, as exhibited in this record, shows most clearly such a mistake of fact, and that the conviction should not stand, because it is against the evidence.

Another patent defect in the record is that no venue is proved. The supposed offense is shown to have been committed at "Harrison Station," but in what county or State does not appear. The judgment is reversed and the cause remanded.

*Reversed and remanded.*